UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CHRISTOPHER BATES,                                                   **COMPLAINT**

                                                **24 cv 3223**

                                                **ECF Case**

                Plaintiff,

      vs.

The CITY OF NEW YORK,
DYLAN GILLIAM, JOHN DOES,                                      **JURY TRIAL DEMANDED**
in their individual and official capacities,

                Defendants.
-------------------------------------------------------------x

Plaintiff Christopher Bates, by his attorney, Cyrus Joubin, complaining of the

Defendants, respectfully alleges as follows:

## **PRELIMINARY STATEMENT**

1. This action arises from various civil rights violations against Christopher Bates ("Plaintiff" or "Bates") by New York City police officers. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for false arrest, malicious prosecution, denial of the right to a fair trial, and failure to intervene. Additionally, Plaintiff asserts analogous claims under New York State and New York City Law against the individual defendants, and against the City of New York under the doctrine of *respondeat superior*. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state, municipal, and federal civil rights law.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all non-federal claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

**VENUE**

4. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. The individually named defendants, Police Officers Dylan Gilliam (Shield 27098), and John Does (collectively, the "individual defendants"), are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

7. On the date of the incident giving rise to this complaint, the individual defendants were assigned to the NYPD Midtown South Precinct.

8. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

9. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

10. Plaintiff served a Notice of Claim on the Comptroller of the City of New York within ninety days of the incident. At least 30 days have elapsed since the service of the Notice of Claim, and adjustment and payment has been neglected or refused.

11. This action has been commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

12. On November 3, 2022, around 8:00 p.m., Plaintiff went to the NYPD Midtown South Precinct located at 357 West 35th Street in Manhattan, New York, in order to obtain a list of complaint report numbers related to police complaints he had previously made.

13. The officers at the Midtown South Precinct provided Plaintiff one full complaint report number, half of another, and nothing further; they refused to provide anything else.

14. When Plaintiff insisted upon the complete list of report numbers, the officers – including Defendant PO Gilliam – said that the incomplete information Plaintiff had was good enough, and they asked him to leave the stationhouse.

15. The officers had no good reason to refuse Plaintiff's request for the complaint report numbers.

16. The officers had no good reason to demand that Plaintiff leave the stationhouse.

17. When Plaintiff complained that the officers weren't doing their jobs, the individual defendants insisted that he leave the stationhouse and began pushing him outside.

18. Never making any threats, never lifting a finger in aggression, Plaintiff verbally protested his exclusion from the stationhouse and insisted he had the right to be there to request information.

19. Pushed out the stationhouse doors by Officers Gilliam and Does, Plaintiff continued to assert his right to be there.

20. By that time, the defendant officers were fed up with Plaintiff and decided to handcuff him.

21. Plaintiff was arrested, brought back into the precinct, locked in a holding cell, and charged with various crimes, including trespassing, obstructing governmental administration, and resisting arrest.

22. Later Plaintiff was transported to Central Booking in lower Manhattan to await his criminal court arraignment.

23. Based on Officer Gilliam's false allegations – namely, that Plaintiff "flailed his body, pushed [Gilliam], and twisted his hands away from [Gilliam]," according to the Criminal Court Complaint – the Manhattan District Attorney's Office decided to criminally prosecute Plaintiff for these crimes on Docket No. CR-029318-22NY.

24. After his Criminal Court arraignment on November 4, 2022, Plaintiff was released but ordered to return to Criminal Court in the future.

25. On February 3, 2023, all criminal charges against Plaintiff were dismissed and sealed.

**DELIBERATE ACTS UNDER COLOR OF STATE LAW**

26. All of the aforementioned acts of the individual defendants, their agents, servants and employees, were carried out under the color of state law in the course and scope of their duties.

27. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

28. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

**FAILURE TO TRAIN AND SUPERVISE**

29. Upon information and belief, the individual defendants' aforementioned abuse of power was not an isolated event. There were other instances of misconduct by the individual defendants that Defendant City knew or should have known about.

30. The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious and mendacious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

**DAMAGES**

31. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;
   b. Loss of liberty;
   c. Severe emotional trauma, distress, degradation, and suffering.

## SECTION 1983 CLAIMS

### FIRST CLAIM

**False Arrest Under Section 1983**

32. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

33. By the actions described above, Defendants deprived Plaintiff of his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free from false arrest.

34. As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

35. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Malicious Prosecution Under Section 1983

36. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

37. By the actions described above, Defendants deprived Plaintiff of his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free from malicious prosecution.

38. As detailed above, the individual defendants intentionally and maliciously initiated a criminal prosecution against Bates without probable cause – a prosecution that terminated in Plaintiff's favor when all criminal charges against him were dismissed.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Denial of the Right to a Fair Trial Under Section 1983

40. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

41. By the actions described, the Defendants deprived Plaintiff of his Fourth, Fifth, and Fourteenth Amendment rights to a fair trial.

42. The individual defendants deliberately forwarded fabricated information to the New York County District Attorney's Office.

43. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Failure to Intervene Under Section 1983

44. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

45. Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

46. The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

47. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PENDENT STATE CLAIMS

## FIRST CLAIM

### Malicious Prosecution Under N.Y. State Law

48. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

49. As detailed above, the individual defendants intentionally and maliciously initiated a prosecution against Plaintiff without probable cause. The prosecution terminated in Plaintiff's favor when all charges against him were dismissed.

50. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Right of Security Against Unreasonable Search and Seizure and Excessive Force Under New York City Administrative Code

51. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

52. As detailed above, the individual defendants intentionally violated Plaintiff's right to be secure against unreasonable searches and seizures, and against excessive force, in violation of New York City Administrative Code Title 8, Chapter 8: The Right of Security Against Unreasonable Search and Seizure and Against Excessive Force Regardless of Whether Such Force Is Used In Connection with a Search or Seizure. § 8-803 Civil action for deprivation of rights.

53. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Negligent Hiring/Training/Retention of Employment Services Under N.Y. State Law (Against Defendant City of New York)

54. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

55. Defendant City owed a duty of care to Plaintiff to prevent the violations and abuse sustained by Plaintiff.

56. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

57. Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants could potentially cause harm.

58. Defendant City's negligence in hiring, screening, training, disciplining and retaining the individual defendants proximately caused Plaintiff's injuries.

59. As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Respondeat Superior Under N.Y. State Law

60. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

61. Defendant City is the employer of the individual defendants.

62. Under the doctrine of *respondeat superior*, the Defendant City is responsible for the wrongdoing of its employees acting within the scope of their employment.

63. As a direct and proximate result of the acts of the individual defendants detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

    a. An order awarding compensatory damages for Plaintiff Christopher Bates in an amount to be determined at trial;

    b.    An order awarding punitive damages in an amount to be determined at trial;

    c.    An order declaring one's right to be present in a police stationhouse to request information, and further declaring it unlawful for police officers to exclude any member of the public from a police precinct without good cause.

    d.    A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

    e.    Such other and further relief as this Court may deem appropriate.

DATED: April 28, 2024
New York, New York

_____
CYRUS JOUBIN, ESQ.
43 West 43rd Street, Suite 119
New York, NY 10036
(703) 851-2467
joubinlaw@gmail.com
Attorney for Christopher Bates