```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
CHRISTOPHER BATES,

                    Plaintiff,
                                                    ORDER
          - against -
                                              24 Civ. 3223 (NRB)
CITY OF NEW YORK, et al.,

                    Defendants.
---------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

The Court is in receipt of the parties' letters, ECF Nos. 36, 37, in which plaintiff requests a 2(B) conference regarding his motion to compel an admission or, in the alternative, for a Rule 30(b)(6) deposition. The Court previously held a 2(B) conference on this same issue on August 12, 2025, and thus it considers a further conference unnecessary.

Plaintiff asks the Court to compel defendants to admit that "there existed no written or unwritten NYPD policies," other than three thematically similar policies produced by defendants, "that officers were required to follow when providing criminal complaint report numbers to civilians who enter police precincts." ECF No. 36 at 2-3. It is undisputed that the City has looked for policies it believes could be relevant and produced copies of those policies to plaintiff. ECF No. 37 at 2-3. However, the City maintains

1

that there are no policies <u>directly</u> relevant to the scenario at issue here, where a "civilian" "enter[ed] a police precinct" to request "criminal complaint report numbers." Id.  As such, the Court views the parties as disputing the portion of the admission that describes the produced policies as policies the NYPD was "required to follow."[1]

The Court interprets defendants' objection, that they cannot "boil down these overlapping policies into a simple statement that it can admit or deny," ECF No. 37 at 3, as an objection that they "made reasonable inquiry and that the information [defendants] know[] or can readily obtain is insufficient to enable [defendants] to admit or deny," Fed.R.Civ.P. 36(a)(4).  Based on the Court's review of the parties' letters, defendants' objection is reasonable.  The Court is also mindful that "Rule 36 is not a discovery device; [t]he purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier

---

1   It is not clear to the Court that the policies produced by defendants are in any way related to plaintiff's case.  For example, "NYPD Administrative Guide Procedure No. 304-15," lists procedures for complying with Freedom of Information Law (FOIL) requests.  ECF No. 37 at 3.  But there is no assertion that plaintiff ever submitted a FOIL request.  Instead, he physically entered a police precinct and verbally demanded a set of complaint numbers from the officers on duty.  Thus, requiring defendants to admit that the on-duty officers were "required to follow" Procedure No. 304-15 would be compelling them to admit a false statement.

2

of fact." T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., 174 F.R.D. 38, 42 (S.D.N.Y. 1997). Put differently, requests for admission are a device used for the convenience of the Court and/or the factfinder. As such, the Court sees no reason to prolong discovery, thereby increasing costs and inconvenience, simply because the parties cannot agree on a single request for admission. The parties may brief their respective views on the documents produced in discovery in any post-discovery motion and/or present their case to the finder of fact at trial.

The Court also understands from defendants' letter, ECF No. 37 at 1 n.2, that the "Extended Entity Report" has been produced in full. The Court considers discovery to now be closed. If either party wishes to make a motion for summary judgment or other post-discovery motion, they may do so by Friday, December 5, 2025.[2]

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 36.

**SO ORDERED.**

Dated:   New York, New York
         November 12, 2025

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[2] The parties are reminded to comply with the Court's Individual Rule 2(B) regarding pre-motion letters and conferences.